UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NEW PRIME, INC. d/b/a PRIME INC., a Nebraska corporation,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS D. JOHNSON, JR., an individual; FRANK E. EVANS., an individual;<br><br>    Defendants. | Case No.: 6:24-cv-3155 |

**COMPLAINT**

Plaintiff, New Prime, Inc. d/b/a Prime Inc. ("Prime"), sues Thomas D. Johnson, Jr. ("Johnson"), and Frank E. Evans (Johnson and Evans are collectively "Defendants") and states as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff, Prime, is a corporation organized and existing under the laws of the State of Nebraska with a principal place of business located at 2740 N. Mayfair Ave, Springfield, MO 65803.

2. Defendant Johnson is an individual and a Citizen of the State of Alabama and is otherwise *sui juris*.

3. Defendant Evans is an individual and a Citizen of the State of Alabama and is otherwise *sui juris*.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. This Court has personal jurisdiction over Defendants because Defendants visited Missouri for the purpose of transacting business, were doing business in the State of Missouri with Prime, and caused injury to Prime in the State of Missouri.

13. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this district.

14. All conditions precedent to the bringing and maintenance of this action have been performed, were waived, would be futile if attempted, or have otherwise occurred or been satisfied.

## FACTS

15. Defendants are on the Board of Directors of CT III Investments, LLC ("CT III"), and Johnson was the President/CEO of CT III.

16. CT III is the sole member of Gulf Water, LLC ("Gulf Water"), which is the sole member of Calypso Tower III, LLC ("Calypso LLC").

17. Calypso LLC was formed to construct a condominium tower in Panama City Beach, Florida known as the Calypso Tower.

18. Prime made a loan to Calypso LLC in the original principal amount of $48,500,000.00 ("Loan") pursuant to the certain Construction Loan and Security Agreement dated January 19, 2018 ("Loan Agreement").[1]

19. The Loan matured in July 2020, but Calypso LLC was not able to pay the Loan at that time.

20. Calypso LLC and Defendants requested that Prime amend the Loan Documents to, in part, extend the Maturity Date.

---

[1] All capitalized terms used herein but no otherwise defined herein shall have the meaning ascribed in the Loan Agreement.

21. In connection with extending the Maturity Date, in November 2020, Prime, on the one hand, and Calypso LLC and Defendants, on the other, executed a Release. A copy of the Release is attached hereto as **Exhibit A**.

22. On or about January 4, 2022, three members of CT III, (1) Vada, LLC, (2) 1275 PC Holdings, LLC, and (3) Montano CT Holdings, LLC (collectively the "CT III Plaintiffs"), filed a lawsuit arising out of the construction of the Calypso Tower. *See Vada, LLC, et al, v. CT III Investments, LLC*, Case No. 22-CA-12, in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida (the "CT III Lawsuit").

23. The CT III Plaintiffs named several defendants in the CT III Lawsuit, including: (1) Calypso LLC; (2) Johnson; (3) Evans; (4) Prime; (5) Robert Low, a shareholder, officer, director, and employee of Prime, and (6) Dean Hoedl, Steve Crawford, and Damien Probstfield, all of whom are employees, directors, and/or officers of Prime.

24. The CT III Plaintiffs make numerous allegations in the CT III Lawsuit, including that the Loan between Prime and Calypso LLC contained a "higher than market interest rate[]" and various other claims relating to the operation of the Calypso Project and the amounts paid to Prime pursuant to the Loan.

25. Prime, on its own behalf and on behalf of Low, Hoedl, Crawford, and Probstfield, has incurred substantial costs and expenses, including attorney's fees, in connection with the CT Lawsuit.

26. Paragraph 7 of the Release provides in relevant part:

> [Calypso LLC and Defendants] each indemnify each of the Released Parties from, and holds each of them harmless against, any and all loses, liabilities, claims, damages, costs, and expenses, including but not limited to reasonable attorney's fees, that any Released Parties may incur arising from or relating to . . . any Loan Documents, and action or omission that any Loan Documents permits, and any action or omission by the Borrower or

3

Guarantors in connection with the use, operation, management, or maintenance of the businesses or the Collateral.

Release ¶ 7.

27. "Released Parties," as defined in the Release, includes Prime, as well as its "shareholders, members, directors, officers, employees . . . ." Release ¶ 6(a).

28. The Released Parties have requested that Defendants indemnify them for the costs and expenses, including attorney's fees, that Prime has incurred in connection with the CT III Lawsuit. A copy of the Request for Indemnification is attached hereto as **Exhibit B**.

29. Defendants have refused and failed to provide the required indemnification.

30. As a result of Defendants' refusal and failure, Prime has been damaged because it has incurred and paid attorney's fees, costs, and other expenses that it and the other Released Parties have incurred in the CT III Lawsuit.

31. Prime has retained undersigned counsel to pursue this action and is obligated to pay them reasonable attorney's fees.

## COUNT I
## BREACH OF CONTRACT

32. Prime realleges paragraphs 31 as if fully set forth herein below.

33. This is a cause of action for breach of contract.

34. The Release between Prime and Defendants constitutes a valid and binding contract.

35. Defendants breached the Release by failing to indemnify Prime and the other Released Parties for the costs and expenses, including attorney's fees, incurred in connection with the CT III Lawsuit, including all other costs, expenses, or other losses incurred in the future in connection with the CT III Lawsuit.

36. Defendants' breach of the Release was material.

37. As a result of Defendants' breach, Prime has suffered damages.

**WHEREFORE**, Prime respectfully requests that this Court enter a final judgment in its favor and against Defendants, individually, jointly and severally, awarding Prime damages in an amount to be proven at trial, attorneys' fees, costs, and pre- and post-judgment interest, and for such other and further relief as this Court deems appropriate.

DATED: May 21, 2024

        **ELLIS ELLIS HAMMONS & JOHNSON PC**
2808 S. Ingram Mill Rd., A-104
Springfield, MO 65804
Telephone: (417) 866-5091
Facsimile: (417) 866-1064

By: */s/ Tina G. Fowler*
    **Tina G. Fowler**
    Missouri Bar No. 48522
    tfowler@eehjfirm.com

**SHUTTS & BOWEN LLP**
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530

By: */s/ Matthew S. Sackel*
    **Matthew S. Sackel, Esq.**
    (*pro hac vice pending*)
    Florida Bar No. 0017903
    Primary Email: msackel@shutts.com
    Secondary Email: aarce@shutts.com
    Secondary Email: kmeyer@shutts.com
    **Jonathan P. Hart, Esq.**
    (*pro hac vice pending*)
    Florida Bar No.: 55982
    Primary Email: jhart@shutts.com
    Secondary Email: iavila@shutts.com

*Counsel for New Prime, Inc., d/b/a Prime Inc.*